SCHNEIDMAN HEATING, INC., Appellant, v. NEW YORK PLUMBERS SPECIALTIES CO., INC., Respondent.

First Department, May 12, 1933.

*Samuel Silinsky,* for the appellant.

*Abraham J. Halprin* of counsel [*Irving Barry* with him on the brief; *Abraham J. Halprin,* attorney], for the respondent.

SHERMAN, J. The complaint in this libel action (the allegations of which for the purposes of this appeal must be deemed true) has been held insufficient. It sets forth that plaintiff was engaged in business as a licensed plumber and heating apparatus contractor, that it sold and installed all kinds of appropriate apparatus in that trade, and had acquired a good reputation for honesty, integrity and reliability, and its business depended upon the confidence of its customers that they would have peaceful enjoyment of chattels purchased from plaintiff, which likewise would be free from the lien of others.

Defendant, a manufacturer of plumbing specialties and heating apparatus, had sold merchandise to plaintiff on credit and for cash and had accepted in payment assignments of indebtedness due to plaintiff from its customers secured by conditional bills of sale on the chattels thus sold. Through delivering materials at buildings where plaintiff had contracted to install them, defendant had learned the names and addresses of plaintiff's customers. With intent to injure plaintiff in its business, defendant maliciously circulated a letter in the business community in the city of New York and elsewhere, particularly among plaintiff's customers, which set forth that defendant had supplied, for plaintiff, material on the particular job of each addressee of such letter and therein stated: " We have not been paid for this and accordingly, we would suggest that you withhold any payment to Schneidman till our bill is straightened out; otherwise it will be necessary for us to file a Mechanic's Lien to protect our rights."

This was false, for plaintiff was not indebted to defendant in any sum of money, having paid defendant for all goods and materials purchased. The complaint sets out the names of various of plaintiff's former customers, who were about to contract with it for work and installations when the above letter was sent out by defendant, which prevented plaintiff from securing contracts that otherwise would have been awarded to it. In this way special damages are pleaded, though the complaint apparently asks for general damages as well.

These words are actionable and form the basis for damages when considered in relation to the surrounding circumstances, for they have a tendency to hurt, and to occasion pecuniary injury to plaintiff in its trade or business. (*Ben-Oliel* v. *Press Pub. Co.,* 251 N. Y. 250, 255; *First National Bank* v. *Winters,* 225 id. 47, 52.)

The order and judgment appealed from should be reversed, with costs, and defendant's motion denied, with ten dollars costs, with leave to defendant to answer within twenty days from service of order with notice of entry, upon payment of said costs.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.