■ WDM PLANNING, INC., Respondent, v UNITED CREDIT CORPORATION,

Appellant.—Order, Supreme Court, New York County, entered November 30, 1977, denying defendant's motion to dismiss the second cause of action, affirmed, without costs or disbursements. The complaint in this action alleges, *inter alia,* that WDM Planning, Inc. (WDM), a designer, purchased office equipment for its customers from Computer and Office Equipment Corporation (Computer). United Credit Corporation (United) was assigned the accounts receivable of Computer for collection. Letters were then sent by United to Computer's debtors and several (at least seven) were sent as well to customers of WDM. Neither WDM nor its customers to whom the letters were sent owed Computer money. The customers of WDM had no nexus to Computer except for the fact that WDM ordered furniture for them from Computer. The text of the letter sent by United read: "Re: *Computer & Office Equipment Corporation* Gentlemen: We are the assignee of all the accounts receivable of the captioned corporation ('Computer'). Computer was the supplier of the goods referred to in the invoices listed on the enclosed statement. All payments on the listed invoices must be made directly to us, and should not be made either to Computer or Wilke Davis Mitchell Planning, Inc. This notice is given to you pursuant to Section 9-502 of the New York Uniform Commercial Code. It is important that you comply with the provisions of this letter and the notice at the bottom of the enclosed statement to avoid potential double liability for the listed invoices." It is this letter which WDM claims misled its clients into believing that WDM was financially irresponsible; failed to pay its just debts; had assigned its accounts receivable; and that it was hazardous to continue to do business with WDM. United moved to dismiss this cause of action sounding in libel. Special Term denied the motion and we would affirm. The letter sent to WDM's customers who, it must be reiterated, had no nexus with Computer (the assignor) must be read in its entirety to determine if it was defamatory *(James v Gannett Co.,* 40 NY2d 415). While the rubric in the letter referred to Computer, the letter imputed to WDM a failure to pay its own debts as well, and therefore we find that the letter is defamatory of WDM. Insofar as the failure to allege special damages is concerned, we note that the complaint in the case at bar states that those customers of WDM to whom letters were sent were discouraged from doing business with WDM, and also made adverse recommendations to potential customers. This allegation, under the circumstances, constitutes an allegation of special damages *(Schneidman Heating v New York Plumbers Specialty Co.,* 238 App Div 318, 319; also see Imputation of Insolvency as Defamatory, Ann., 49 ALR3d 163, 167-168) sufficient at this juncture to withstand a motion to dismiss the complaint. Concur—Evans, Lane and Sandler, JJ.; Lupiano, J. P., and Silverman, J., dissent in the following memorandum by Silverman, J. We would reverse, on the law, and grant defendant's motion to dismiss the second cause of action and thus the entire complaint. In our view, the statement is not defamatory. It is a simple notification by an alleged assignee of accounts receivable to the debtors of the fact of the assignment and a request that payment of the account be made to the assignee rather than to plaintiff pointing out the risk of double payment if the notice is disregarded. Even if the report "be false and probably offensive, it is not actionable" *(Tracy v Newsday, Inc.,* 5 NY2d 134, 138), as the statement is not defamatory. "It is for the court * * * to decide whether a publication is capable of the meaning ascribed to it. * * * If the article is not susceptible of a libelous meaning, then innuendo cannot make it libelous" *(Tracey,* p 136 *supra).* Such extrinsic facts as are alleged still do not make the statement defamatory; and in any event, there is no allegation of special damages.